# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

SAMAR HAMWI,
     Plaintiff,

vs.                               CASE NO.: 5:05cv122/MCR/MD

JO ANNE B. BARNHART,
Commissioner of Social Security,
     Defendant.
_____

## REPORT AND RECOMMENDATION

This case is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claim for benefits.  Pending is the defendant's motion for remand pursuant to sentence six  of § 205(g) and 1631(c)(3) of the Social Security Act,  42 U.S.C. § 405(g) and 1383(c)(3) (doc. 7).  The plaintiff does not oppose the motion according to the certification of the defendant.

Pursuant to sentence six of § 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g) and 1383(c)(3), the court may, "on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner."  The Commissioner of Social Security states that voluntary remand of the claim is appropriate to reconstruct plaintiff's claim file, as the tape recording of the administrative hearing, held on August 14, 2002, contained numerous inaudible portions and did not include the testimony of the vocational expert, whose testimony was cited by the administrative law judge (ALJ).  Good cause has been shown for remand.

**Accordingly, it is RECOMMENDED as follows:**

**1.      That the defendant's motion for remand (doc. 7) be GRANTED.**

**2.      That this case be remanded to the Commissioner of Social Security pursuant to sentence six  of § 205(g) and 1631(c)(3) of the Social Security Act,  42 U.S.C. § 405(g) and 1383(c)(3).**

**3.      That defendant be ordered to direct the Appeals Council to remand this case to reconstruct plaintiff's claim file, as the tape recording of the administrative hearing, held on August 14, 2002, contained numerous inaudible portions and did not include the testimony of the vocational expert, whose testimony was cited by the administrative law judge (ALJ).**

**4.      That the clerk be directed to enter judgment for plaintiff and close the file.**

**DONE AND ORDERED this 12th day of September, 2005.**

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and al other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**